MANUELA SANTOS DE GIL, Plaintiff and Appellee, *v.* JOSÉ MOREDA ET AL., Defendants and Appellants.

No. 5911. Argued January 19, 1933.—Decided February 16, 1933.

*José Sabater* for appellants. *E. Báez García* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Defendants in an action on a promissory note appeared and obtained the release of certain attached property by the substitution of a bond. Later the clerk at the instance of plaintiff noted the default of defendants, and, without any request therefor, entered a judgment by default. No summons had been issued.

By the terms of section 89 of the Code of Civil Procedure, the summons in certain actions must contain a notice that, unless the defendant appears and answers, "the plaintiff will take judgment for the sum demanded in the complaint (stating it)." Section 194 says that "if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been

granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, . . ." Obviously section 194 presupposes the issuance and service of a summons. If the summons does not contain the prescribed notice or warning, the secretary is without authority to enter a judgment by default. *Zapater* v. *Irizarry et al.,* 15 P.R.R. 526; and *Vías* v. *Estate of Pérez et al.,* Id. 714. *A fortiori,* it would seem that the secretary cannot enter a judgment by default in a case in which no summons has been issued and no extension of time within which to plead has been granted. In any event, he cannot determine the nature and effect of an appearance for the purpose of obtaining the release of attached properties as a submission to the jurisdiction of the court and as a waiver of defendant's right to the statutory notice which is ordinarily a condition precedent to the entry, by the secretary, of a judgment by default.

The judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent herewith.